CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 24 2013

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| PAUL MICHAEL JOHNSON | ) | Criminal Case No. 5:10cr00005 |
| Petitioner, | ) | |
| | ) | 2255 MEMORANDUM OPINION |
| v. | ) | |
| UNITED STATES OF AMERICA | ) | By: Samuel G. Wilson |
| Respondent. | ) | United States District Judge |

This is a motion pursuant to 28 U.S.C. § 2255 by the defendant, Paul Michael Johnson, seeking to set aside concurrent 138-month sentences the court imposed on August 18, 2010, for possessing with intent to distribute and distributing five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(2). Congress enacted the Fair Sentencing Act of 2010 ("FSA") on August 3, 2010, which reduced the disparity between statutory criminal penalties for crack cocaine and powder cocaine offenses, and the Supreme Court held in Dorsey v. United States 132 S. Ct. 2321, 2326 (2012) that the Act applied retroactively to defendants whose criminal conduct occurred before August 3, 2010, but who were sentenced after that date. Johnson contends that the court should resentence him in light of the Supreme Court's decision. Though there are a number of procedural hurdles to Johnson's motion, including a collateral-attack waiver, untimeliness, and procedural default, the court denies the motion on its merits. Simply stated, the court imposed an expressly agreed-upon sentence, a sentence that was neither in contravention of the FSA nor based on the Guidelines. Consequently, the FSA and the implementing Guideline amendments are immaterial to the sentence the court imposed, and the court denies Johnson's motion.

# I.

The grand jury returned a four-count indictment against Johnson in February of 2010. Count one alleged a conspiracy beginning in January 2009 and continuing to on or about September 11, 2009, to distribute fifty grams or more of a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 846. Counts two and three charged possession with intent to distribute five grams or more of cocaine base on March 15, 2009, and September 11, 2009, respectively, and count four charged distribution of five grams or more of cocaine base on September 11, 2009, all in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1). The government filed information pursuant to 21 U.S.C. § 851 alleging that Johnson had a prior drug felony. As a consequence of that information, Johnson was subject to a mandatory minimum of twenty years as to count one and a mandatory minimum of ten years as to each of the remaining three counts.

Johnson entered into a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), which permits the government and the defendant to agree upon a specific sentence. The agreement called for Johnson to plead guilty to counts three and four in exchange for a sentence of 138 months. The agreed-upon sentence did not purport to be a Guideline sentence, and the court explained to Johnson that if the court accepted the agreement, it would sentence him to 138 months' imprisonment.[1] Johnson pled guilty pursuant to the agreement on June 8,

---

[1] At Johnson's plea hearing, the following exchange occurred:
The Court: Now, in determining your sentence, ordinarily the Court would consider various factors, and I'll go over those for you here in a moment. But as far as imprisonment goes, in the event that the Court accepts your plea, you will be sentenced to 138 months incarceration. Do you understand that?
The Defendant: I understand that.
The Court: That is by agreement. In other words, if I accept the plea, all of the various factors the Court would ordinarily consider the Court would not consider at all in determining your sentence. In other words, if I accept the plea, that is, your incarceration, the Court would simply impose the 138-month sentence. Do you understand that?
The Defendant: Okay. Just 138 months?

2

2010, and the court imposed the agreed-upon sentence on August 18, 2010. In the interim, between Johnson's plea and his sentencing, Congress passed the FSA. As directed by Congress, the Sentencing Commission thereafter promulgated Amendment 750 to the Sentencing Guidelines, which lowered the offense levels applicable to crack cocaine offenses. See U.S. Sentencing Guidelines Manual app. C, amend. 750 (2011). That amendment became effective on November 1, 2010, and applies retroactively. Id.

On February 1, 2012, Johnson moved for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), which permits a court to modify a term of imprisonment after it has been imposed if the sentence was "based on" a sentencing range that was subsequently lowered by the Sentencing Commission, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. On March 13, 2012, the Court denied Johnson's motion because it found that his sentence was unaffected by Guideline Amendment 750 "because the sentence was not determined from the guideline calculations, but rather, was stipulated in the plea agreement imposed pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C)." (Order, ECF No. 65.) On June 21, 2012, the Supreme Court decided Dorsey v. United States, which holds that the FSA applies retroactively to defendants whose criminal conduct occurred before August 3, 2010, but who were sentenced after that date. 132 S. Ct. at 2326. Against the backdrop of the government's § 851 information, the retroactive application of the FSA had the effect of reducing the mandatory minimum for count one (which the government had agreed to

---

The Court: Just 138 months.
Johnson expressly acknowledged that he understood that his plea was being entered pursuant to Rule 11(c)(1)(C) and that, pursuant to his plea agreement, the court would sentence Johnson to imprisonment "for a period of 138 months," though "other sentencing matters, including, fines, supervised release, and restitution [would be] left to the court's discretion." (Plea Agreement 3, ECF 40.) The court accepted the plea and sentenced Johnson to 138 months as he had agreed, and dismissed the remaining counts of the indictment against him.

3

dismiss in exchange for Johnson's plea and agreed 138-month sentence) from twenty years to ten years, and of eliminating the mandatory minimum sentence as to each of the remaining counts.

## II.

Recognizing that he has a substantial procedural default hurdle to clear because he did not claim at sentencing that the FSA should apply and he did not appeal, Johnson argues that he can show cause and prejudice to excuse his default because the legal basis for his claim was not reasonably available and because he is "'actually innocent' of the sentence imposed." (Br. 2, ECF No. 71-1.) The argument, of course, assumes that the court should have applied the FSA at sentencing. The court, however, imposed the specific, 138-month sentence to which Johnson and the government agreed, a sentence below the thirty-year maximum applicable to each of the two offenses. In short, the FSA is immaterial to the sentence the court imposed.

Justice Sotomayor's rationale in the fragmented opinion of <u>Freeman v. United States</u>, 131 S. Ct. 2685 (2011), which stands as that court's holding, is instructive. <u>See</u> <u>United States v. Brown</u>, 653 F.3d 337, 340 (4th Cir. 2011) (recognizing Justice Sotomayor's rationale as the Court's holding). The defendant in <u>Freeman</u> entered an 11(c)(1)(C) plea and later sought a reduction under § 3582(c)(2), resulting in this critical question coming before the Supreme Court: assuming a relevant Guidelines amendment, was the defendant's sentence "based on" that amendment? <u>See</u> <u>Freeman</u>, 131 S. Ct. at 2690–92, 2695. A four-Justice plurality concluded that a district court can always grant relief to such a defendant, and a four-Justice dissent concluded that a district court can never grant relief to such a defendant. Justice Sotomayor wrote separately and agreed with the plurality on a narrower ground. As the Fourth Circuit has summarized:

> Justice Sotomayor agreed with the dissent that a sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is based on the agreement and, therefore, §

4

3582(c)(2) relief is usually not available. The fact that a judge may consult the Sentencing Guidelines when deciding whether to accept a Rule 11(c)(1)(C) plea agreement is irrelevant. "[P]lea bargaining necessarily occurs in the shadow of the sentencing scheme to which the defendant would otherwise be subject. The term of imprisonment imposed by the District Court, however, is not 'based on' those background negotiations; instead . . . it is based on the binding agreement produced by those negotiations." However, Justice Sotomayor established an exception to this general rule—where the plea agreement itself expressly refers to and relies upon a Guidelines sentencing range.

Brown, 653 F.3d at 339–40 (alterations in original) (citation omitted) (quoting Freeman, 131 S. Ct. at 2697).

Though this court has framed the issue here directly by asking simply whether the court should have imposed a different sentence on August 17, 2010, when it sentenced Johnson (and not by looking through § 3582(c)(2)'s lens), it comes to the same place. The court imposed an expressly agreed-upon sentence, a sentence that was neither based on the Guidelines nor in contravention of the FSA. Accordingly, the court denies Johnson's motion.

### III.

For the reasons stated, the court denies Johnson's motion pursuant to 28 U.S.C. § 2255.

**ENTER:** January 24, 2013.

UNITED STATES DISTRICT JUDGE

5